OPINION
Defendant-appellant James D. Rodgers appeals the July 10, 2000 Judgment Entry Decree of Divorce of the Stark County Court of Common Pleas, Family Court Division. Barbara A. Rodgers is plaintiff-appellee.
 STATEMENT OF THE CASE
Appellee filed a Complaint in Divorce on January 20, 1999. After several hearings on temporary orders, the case was set for trial on the issue of division of property and spousal support on January 12, 2000. According to appellee, a settlement was reached and read into the record. A final Judgment Entry Decree of Divorce was filed July 10, 2000. It is from this judgment entry appellant prosecutes his appeal. Appellant's brief, filed August 24, 2000, fails to comply with App.R. 16. Appellant's brief does not include: a table of contents; a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected; a statement of the issues presented for review; a statement of the case; or a statement of facts. Appellant's brief also fails to comply with Local Rule 9 of the Fifth Appellate District. Appellant failed to include a copy of the judgment entry from which he appeals. These deficiencies merit dismissal for failure to prosecute under Local Appellate Rule 5. See, State v. Balderson (Sept. 27, 1999), Stark App. No. 1999CA110, unreported; State v. Edwards (Jun. 7, 2000), Morrow App. No. CA-886, unreported; and Norwest Mortgage, Inc. v. Chila (Sept. 14, 2000), Fairfield App. No. 00CA32, unreported. Despite the fact this Court could dismiss appellant's complaint for these reasons, we have read appellant's brief and find it presents basically three separate issues: 1) alleged misrepresentation of appellee's wages during the February 9, 1999 hearing on temporary orders; 2) error in valuation of appellant's PERS retirement account; and 3) a dispute over allocation of a debt to the Veteran's Administration. Appellant failed to order or otherwise file a transcript of either the February 9, 1999 hearing or the January 12, 2000 hearing. We find such transcripts are necessary to resolve the issues appellant attempts to raise in his appeal. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edward Lab. (1980), 61 Ohio St.2d 197.
For the foregoing reason, the judgment of the trial court is affirmed.
Hoffman, J. Gwin, P.J. and Farmer, J. concur